UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR207-WEB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **FIRST PRELIMINARY** |
| | ) | **ORDER OF FORFEITURE** |
| v. | ) | **(SUBSTITUTE PROPERTY)** |
| | ) | |
| MICHAEL D. SPADACCINI, | ) | |
| | ) | |
| Defendant. | ) | |

In the bill of information in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. § 982 as property that was involved in or was proceeds of the crime charged, together with any other substitute property, which would be subject to forfeiture under 21 U.S.C. § 853(p).

Defendant subsequently pled guilty to Count One in the bill of information and was adjudged guilty of the offense charged in that count. In a Consent Order and Judgment of Forfeiture, defendant has agreed to forfeit the sum of $83,963.33 as a money judgment for criminal proceeds. Under 21 U.S.C. §853(p), the government has moved to substitute other specific property of defendant for a corresponding portion of the money judgment. The government represents that defendant has tendered a check for $20,000 and has consented to the forfeiture of this money as substitute property.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n): the sum of

$20,000, represented by a check in the amount of $20,000, dated April 21, 2010, payable to the "U.S. Treasury."

    2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish as required by law notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

    3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

    This 12 July 2010.

                                                         W. Earl Britt
                                                         Senior U.S. District Judge